FILED

AUG 1 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAUN ROBERTS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 3-05-70626 BZ <br><br> **DETENTION ORDER** |

    This matter came before the Court on August 9, 2005 for a detention hearing. The Defendant, Shaun Roberts, was present and represented by Chief Assistant Federal Public Defender Geoffrey Hansen. Assistant United States Attorney Tracie L. Brown appeared for the United States of America.

    Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

    Having considered the parties' proffers, the Pretrial

1

Services Report and the files and records in this matter, I find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community and I **ORDER** him detained. In so holding, I have considered the following factors:

  1. The defendant is charged with armed bank robbery in violation of 18 U.S.C. § 2113(a)&(d), a crime of violence under 18 U.S.C. 3142(f)(1)(A). He is a suspect in other bank robbery investigations.

  2. Because he faces a maximum sentence of twenty-five years, he has an incentive to flee.

  3. The defendant has a prior criminal record, including three felony conviction, two misdemeanor convictions and at least three parole violations that resulted in his re-incarceration. His felony convictions include assault with a deadly weapon and possession with intent to sell cocaine base. In addition, fifteen bench warrants, generally for failure to appear, have been issued for the defendant, none of which appear to have been issued after a charge had been disposed of or while the defendant was incarcerated.

  4. Although the weight of the evidence is considered the least important, in this case the circumstances of the offense and the defendant's subsequent arrest are troubling. According to an affidavit filed by the government, after the defendant committed an armed bank robbery on August 1, 2005, he fled in a vehicle. When SFPD Officer Holder attempted to stop the vehicle, it sped away. After a short

chase, the defendant jumped out of the car and led several SFPD officers on a foot chase. During the foot chase, the defendant dropped a gun loaded with hollow-point bullets, as well as the bag containing the money. Defendant then kicked open a door of an apartment building went up a flight of stairs, climbed onto a balcony and refused to come down when ordered to do so by police. The defendant then went back into the building, entered the apartment of a resident unknown to him, took off his shirt and hid it in the closet. He offered a woman $1000 not to inform the SFPD he was in her apartment. She declined, and left the apartment to tell SFPD officers on the scene what had happened. Ultimately, SFPD officers had to kick in the door of a bedroom in order to arrest the defendant because he refused to come out when ordered to do so.

5. Defendant has family ties to the community. However, none of his family members appeared in court or offered to act as surety.

6. In passing the Bail Reform Act, Congress was particularly concerned with the danger that drugs and violence posed to the community.

7. Defendant did not proffer any conditions of release, nor have any occurred to the court, that would reasonably assure his appearances at trial or the safety of the community. While his girlfriend offered to sign an unsecured bond, given the risks discussed above, I do not find that proposal adequate.

Therefore, **IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to

the custody of the Attorney General for a confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    (3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: August 10, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\ROBERTSDETENTION.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

v.

Shawn Roberts,

        Defendant.
_____/

Case Number: 3-05-70626 BZ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tracie Brown, Esq.
U.S. Attorney's Office
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

Geoffrey Hansen, Esq.
Federal Public Defender's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Dated: August 11, 2005

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk