UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR 05-0567 JSW (BZ) |
| v. | ) | **ORDER SCHEDULING** |
| SHAUN ROBERTS, | ) | **SETTLEMENT CONFERENCE** |
| Defendant(s). | ) | |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Thursday, December 1, 2005, at 1:30 p.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

Lead trial counsel shall appear at the Settlement

1

1  Conference with the parties.  Any party who is not a natural
2  person shall be represented by the person or persons **not**
3  **directly involved** in the events which gave rise to the
4  litigation but with **full** authority to negotiate a settlement.  A
5  person who needs to call another person not present before
6  accepting, rejecting or making any settlement offer does not
7  have full authority.  If a party is a governmental entity, its
8  governing body shall  designate one of its members or a senior
9  executive to appear at the Settlement Conference with authority
10 to participate in the Settlement Conference and, if a tentative
11 settlement agreement is reached, to recommend the agreement to
12 the governmental entity for its approval.  An insured party
13 shall appear with a representative of the carrier with full
14 authority to negotiate up to the limits of coverage.  The Court
15 shall be notified immediately if the carrier declines to attend.
16 Personal attendance of a party representative will rarely be
17 excused by the Court, and then only upon separate written
18 application demonstrating substantial hardship served on
19 opposing counsel and lodged as early as the basis for the
20 hardship is known.
21      Each party shall prepare a Settlement Conference Statement,
22 which must be served on opposing counsel and lodged (not faxed)
23 with my chambers no later than seven calendar days prior to the
24 conference.  The Statement shall **not** be filed with the Clerk of
25 the Court.  The Statement **may** be submitted on CD-ROM with
26 hypertext links to exhibits.  Otherwise, the portion of exhibits
27 on which the party relies **shall** be highlighted.  The Settlement
28 Conference Statement shall not exceed ten pages of text and

2

1 | twenty pages of exhibits and shall include the following:
2 |     1.    A brief statement of the facts of the case.
3 |     2.    A brief statement of the claims and defenses
including, but not limited to, statutory or other grounds upon
which the claims are founded.
    3.    A summary of the proceedings to date and any pending
motions.
    4.    An estimate of the cost and time to be expended for
further discovery, pretrial and trial.
    5.    For any party seeking relief, a description of the
relief sought, including an itemization of damages.
    6.    The parties' position on settlement, including present
demands and offers and a history of past settlement discussions.
The Court's time can best be used to assist the parties in
completing their negotiations, not in starting them.
Accordingly, plaintiff must serve a demand in writing no later
than fourteen days before the conference and defendant must
respond in writing no later than eight days before the
conference.  If plaintiff seeks attorney's fees and costs,
plaintiff's counsel shall either include the fee claim in the
demand or make a separate, simultaneous demand for fees and
costs.  Counsel shall be prepared at the conference to provide
sufficient information to defendant to enable the fee claim to
be evaluated for purposes of settlement.  The parties are urged
to carefully evaluate their case before taking a settlement
position since extreme positions hinder the settlement process.
    Along with the Statement each party shall lodge with the
court a document of no more than three pages containing a **candid**

3

1 evaluation of the parties' likelihood of prevailing on the
2 claims and defenses, and any other information that party wishes
3 not to share with opposing counsel.  The more candid the parties
4 are, the more productive the conference will be.  This document
5 shall not be served on opposing counsel.

6     It is not unusual for conferences to last three or more
7 hours.  Parties are encouraged to participate and frankly
8 discuss their case.  Statements they make during the conference
9 will not be admissible at trial in the event the case does not
10 settle.  The parties should be prepared to discuss such issues
11 as:

12     1. Their settlement objectives.
13     2. Any impediments to settlement they perceive.
14     3. Whether they have enough information to discuss
15 settlement.  If not, what additional information is needed.
16     4. The possibility of a creative resolution of the dispute.

17     The parties shall notify Magistrate Judge Zimmerman's
18 chambers immediately if this case settles prior to the date set
19 for settlement conference.  Counsel shall provide a copy of this
20 order to each party who will participate in the conference.

21 Dated: November 15, 2005

*[signature]*
Bernard Zimmerman
United States Magistrate Judge

25 G:/BZALL/-REFS/REFS.05/ROBERTS.SC

4