IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR 05-00567-1 JSW |
| v. | | **COURT'S INTENDED VOIR DIRE** |
| SHAUN ROBERTS, | | |
| Defendant. | / | |

1. The Court will read a brief statement of the case.

2. Counsel for the government to introduce herself and counsel associated in the trial, the case agent if any, as well as all the witnesses who will testify on the government's presentation of its case in chief.  Jurors will be asked if they:

   a) know any of these persons (including Kevin Ryan, U.S. Attorney for the Northern District of California);

   b) had any business dealing with them or were represented by them or members of the U.S. Attorney's Office;

   c) had any other similar relationship or business connection with any of them.

   d) know anyone in or had any dealings with the San Francisco or Oakland Police Departments, the Federal Bureau of Investigation, or any other law enforcement agency;

3. Counsel for Defendant to introduce himself, the Defendant, defense investigator sitting at counsel table, if any, and indicate any witnesses that defendant may choose to call. Jurors will be asked if they:

|   |   |   |   |
|---|---|---|---|
| 1 |   | a) | know any of these persons, including the defendant; |
| 2 |   | b) | had any business dealing with them or were represented by them or members of |
| 3 |   |    | their office; |
| 4 |   | c) | had any other similar relationship or business connection with any of them. |

4. I will introduce myself and ask the jurors whether any of them know me or any member of my staff, Daisy Salzman, Melissa Goldberg, Kristin Ring, or Jennifer Ottolini.

5. Have you heard or read anything about the case?

6. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?
   a) Was it a civil or criminal case?
   b) When did you serve?
   c) Did the jury reach a verdict?
   d) Is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

7. If you have served only as a civil juror before, do you understand that, as the court has advised you, the burden of proof in a criminal case is different from that in a civil case?

8. Have you, any member of your immediate family, or any close friend ever applied for a job with or been employed by a law enforcement agency? Is there anything about that answer that would affect your ability to be a fair and impartial juror in this case?

9. Have you, any member of your immediate family, or any close friend ever applied for a job with or been employed by within the legal system, including any type of attorney's office, the court system, or by probation, parole or other correctional authorities? Is there anything about that answer that would affect your ability to be a fair and impartial juror in this case?

10. Have you, any member of your immediate family, or any close friend ever applied for a job with or been employed by within by a banking institution or an insurance company? Is there anything about that answer that would affect your ability to be a fair and impartial juror in this case?

*United States District Court*
*For the Northern District of California*

11. Have you ever been involved in a criminal matter, either an arrest or in court, that concerned yourself, any member of your immediate family, or a close friend either as a defendant, a witness, or a victim? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

12. Have you ever made any claim against the Federal Government or has the Federal Government ever made a claim against you? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

13. Is there anything about the fact that this is a criminal case that would affect your ability to be a fair and impartial juror in this case?

14. On the questionnaire you completed, you were asked if you were active in any organizations. Do any you belong to any organizations concerned with criminal law, the criminal justice system, or firearms? Is there anything about your involvement with such an organization that would affect your ability to be a fair and impartial juror in this case?

15. Law enforcement officers, including members of the San Francisco and Oakland Police Departments and the Federal Bureau of Investigation, may be testifying in this case.

    a) Would the fact that these persons are law enforcement officers lead you to give their testimony more credence or less credence than you would give to the testimony of an ordinary citizen?

    b) Do you have any strong feelings one way or the other about the police, FBI or other law enforcement officers, which would affect your ability to be a fair and impartial jury in this case?

16. Mr. Roberts is charged with committing two armed bank robberies. Is there anything about the nature of these charges that would affect your ability to be a fair and impartial juror in this case?

17. Mr. Roberts is presumed to be innocent unless and until he is proven guilty beyond a reasonable doubt. Is there anyone who would have trouble giving him the benefit of this presumption of innocence without any mental reservations whatsoever?

18. Is there anyone here who holds beliefs which would cause them to refuse to vote to convict a defendant regardless of whether they felt the evidence proved a defendant beyond a reasonable doubt.

19. Do you have any moral, religious, philosophical or constitutional beliefs that would make you reluctant to serve on a criminal jury? Would any of those beliefs make it difficult or impossible for you to judge your fellow citizens?

20. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

21. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

22. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

Dated: February 1, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE