IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHAUN ROBERTS,<br><br>　　　　Defendant.<br>_____/ | No. CR 05-00567-1 JSW<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

**DUTY OF JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**THE CHARGE—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges the defendant with two counts of armed bank robbery and two counts of using, carrying or brandishing a firearm during and in relation to a crime of violence, or possessing a firearm in furtherance of a crime of violence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

With respect to the crime of armed bank robbery, the government must prove:  (1) defendant took money belonging to a financial institution or institutions; (2) the defendant used force and violence, or intimidation, in doing so; (3) the deposits of the financial institution or financial institutions were, at the time of the respective robberies, then insured by the Federal Deposit Insurance Corporation; and (4) the defendant intentionally made a display that reasonably caused the victim tellers to fear bodily harm by using a firearm.

With respect to the crime of using, carrying or brandishing a firearm during and in relation to a crime of violence, or possessing a firearm in furtherance of a crime of violence, the government must prove:  (1) the defendant committed the crime of armed bank robbery, (2) the defendant knowingly used, carried, brandished or possessed a firearm; and (3) the defendant used, carried or brandished the firearm during and in relation to the crime, or possessed the firearm in furtherance of the crime.

In addition, depending on your verdict on the armed bank robbery counts, you may also need to consider whether the defendant should be ordered to forfeit certain property that the government charges are proceeds of one of the armed bank robberies.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;
2. questions and objections of the attorneys;
3. testimony that I instruct you to disregard; and
4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to my Deputy Clerk, Jennifer Ottolini, to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence.  It is appropriate to take these matters up outside the presence of the jury.  Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

Dated: February 22, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE