**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SHAUN ROBERTS,

        Defendant.

_____/

No. CR 05-00567-1 JSW

**FINAL JURY INSTRUCTIONS**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court

For the Northern District of California

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**United States District Court**

For the Northern District of California

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

United States District Court

For the Northern District of California

4

**United States District Court**

For the Northern District of California

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which have been received into evidence; and

3. any facts to which all the lawyers have stipulated.

**United States District Court**

For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, what they will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

United States District Court

For the Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

United States District Court

For the Northern District of California

**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.   You should treat this testimony just as you would the testimony of any other witness.

**United States District Court**

For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

10

**IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT**

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

United States District Court

For the Northern District of California

**IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that a witness has been convicted of a felony. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

**EYEWITNESS IDENTIFICATION**

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1.   the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2.   whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.   any inconsistent identifications made by the eyewitness;

4.   whether the witness had known or observed the offender at earlier times; and

5.   the totality of circumstances surrounding the eyewitness' identification.

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court

For the Northern District of California

14

**CREDIBILITY OF LAW ENFORCEMENT WITNESS**

In evaluating the credibility of a police officer, you should use the same guidelines which apply to the testimony of any witness.  In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

United States District Court

For the Northern District of California

**EVIDENCE OF OTHER ACTS OF DEFENDANT**

**OR ACTS AND STATEMENTS OF OTHERS**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. Your determination must be made only from the evidence in the case. The defendant and the witnesses are not on trial for any conduct or offense not charged in the superseding indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

United States District Court

For the Northern District of California

**FLIGHT**

You have heard evidence that the government contends shows that on August 1, 2005, the defendant fled from police officers.  Evidence that a defendant immediately fled when contacted by the police is a circumstance that, if proven, may be considered by the jury as showing a consciousness of guilt on the part of the defendant.

In your evaluation of this evidence of flight, you may consider that there may be reasons fully consistent with innocence that could cause a person to flee.  Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to immediately flee.

Whether or not evidence of immediate flight on the part of the defendant causes you as members of the jury to find a consciousness of guilt on his part and the significance, if any, of that evidence, is entirely up to you as the sole judges of the facts of this case.

United States District Court

For the Northern District of California

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS -**
**SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**United States District Court**

For the Northern District of California

**BANK ROBBERY**

The defendant is charged in Count One of the superseding indictment with armed bank robbery in violation of Section 2113 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant took money belonging to the Bank of America;

Second, the defendant used force and violence, or intimidation in doing so;

Third, the deposits of Bank of America were, at the time of the robbery, then insured by the Federal Deposit Insurance Corporation; and

Fourth, the defendant intentionally made a display that reasonably caused the victim tellers to fear bodily harm by using a firearm.

The defendant is charged in Count Three of the superseding indictment with armed bank robbery in violation of Section 2113 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant took money belonging to the Wells Fargo Bank;

Second, the defendant used force and violence, or intimidation in doing so;

Third, the deposits of Wells Fargo Bank were, at the time of the robbery, then insured by the Federal Deposit Insurance Corporation; and

Fourth, the defendant intentionally made a display that reasonably caused the victim tellers to fear bodily harm by using a firearm.

**FIREARMS—USING OR CARRYING IN**

**COMMISSION OF CRIME OF VIOLENCE**

The defendant is charged in Count Two of the superseding indictment with using or carrying a firearm during and in relation to a crime of violence, or possession of a firearm in furtherance of a crime of violence, in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of armed bank robbery, as charged in Count One of the superseding indictment;

Second, the defendant knowingly used, carried or possessed a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime, or possessed the firearm in furtherance of the crime.

The defendant is also charged in Count Four of the superseding indictment with using or carrying a firearm during and in relation to a crime of violence, or possession of a firearm in furtherance of a crime of violence, in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of armed bank robbery, as charged in Count Three of the superseding indictment;

Second, the defendant knowingly used, carried or possessed a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime, or possessed the firearm in furtherance of the crime.

A defendant has used a firearm if he or she has actively employed the firearm in relation to bank robbery.  Use includes any of the following:

(1) brandishing or displaying a firearm;

(2) the silent but obvious and forceful presence of a firearm in plain view.

" Brandishing" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

A defendant carries a firearm if the defendant knowingly possesses or carries the firearm.  Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle or a locked compartment of a vehicle.

A defendant possesses a firearm if the defendant knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

A defendant takes such action " in furtherance of the crime" if the firearm advanced or promoted the commission of the underlying offense.

All of you must agree as to the specific action the defendant took with respect to the firearm, *i.e.*, whether he (a) used the firearm during and in relation to the crime, (b) carried the firearm during and in relation to the crime, or (c) possessed the firearm in furtherance of the crime.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

22

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**United States District Court**

For the Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through my Courtroom Deputy, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**United States District Court**

For the Northern District of California

1

2   Dated: March 1, 2006

3                                                        _____
                                                        JEFFREY S. WHITE
4                                                        UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28