UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN ROBERTS,<br><br>Defendant. | Case No. 05-cr-00567-JSW-1<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 233 |

On August 24, 2020, Defendant Shaun Roberts ("Roberts"), through counsel, filed a motion to reduce his sentence, pursuant to 28 U.S.C. section 3582, which the Court denied on November 23, 2020. (Dkt. Nos. 199, 216.) Roberts appealed, and the Ninth Circuit remanded for reconsideration in light of *United States v. Aruda*, 993 F.3d 797, 798 (9th Cir. 2021). (Dkt. No. 219.)[1]

The Court has considered the parties' original briefing, the supplemental briefing ordered following remand from the United States Court of Appeals for the Ninth Circuit, relevant legal authority, and the record in this case. For the reasons that follow the Court HEREBY GRANTS Roberts' motion.

The Court will not repeat in detail the background material set forth in its Order denying Roberts' motion. (*See* Dkt. No. 216, "Order" at 1:18-3:5.) In brief, after a jury trial Roberts was convicted of two counts of armed bank robbery and two counts of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. section 924(c)(1)(A)(ii) (the "Section 924(c) convictions"). Based on his offense level and criminal history, the U.S. Sentencing Guidelines

---

[1] Roberts asked for immediate release in that motion.

1  (the "Guidelines") called for a sentence of 646–711 months.  (*See* Presentence Report ("PSR") ¶¶
2  50, 70–71, 130.)
3        On September 14, 2006, this Court imposed sentence and determined a significant upward
4  variance was appropriate under 18 U.S.C. section 3553(a), in light of Roberts's extensive and
5  violent criminal history and the circumstances surrounding the offenses.  (*See* PSR ¶¶ 4–14, 54–
6  67.)  Accordingly, the Court sentenced Roberts to a term of 804 months (67 years) as follows: 20
7  years and 15 years, respectively, on the substantive counts of armed bank robbery, and the
8  mandatory minimum terms of 7 and 25 years, respectively, on the two Section 924(c) convictions,
9  all counts to be served consecutively.
10       The Court will address additional facts as needed in the analysis.

## ANALYSIS

12       The First Step Act amended portions of Section 3582(c) and Section 924(c).  Roberts
13 argues the Court should reduce his sentence because: (1) he has been diagnosed with hypertension,
14 which may place him at increased risk for severe illness from the virus that causes COVID-19[2];
15 and (2) the amendments to Section 924(c)'s stacking provisions combined with post-*Booker*
16 developments demonstrate he would be subject to a substantially lower sentence today.
17 According to Roberts, the combination of those circumstances amount to extraordinary and
18 compelling reasons to reduce his sentence.  In his supplemental brief, Roberts submits letters that
19 attest to the strides he has made while incarcerated, including his plans on mentoring others after
20 he serves his term.
21       Pursuant to the amendments to Section 3582(c):

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse*

---

[2]   *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-meidcal-conditions.html (last visited May 26, 2022).

> *of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Roberts has satisfied the exhaustion requirement. (Order at 4:5-12.) Once a defendant has exhausted their administrative remedies, a court may grant a motion for compassionate release if, after the considering the Section 3553(a) factors, it finds "extraordinary and compelling reasons warrant" a reduction. The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Roberts bears the burden to show a sentence reduction is warranted. *See, e.g., United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling'" reasons; however, it did state that "[r]ehabilitation of the defendant alone" will not meet the standard. *United States v. Rodriguez,* 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (quoting 28 U.S.C. § 994(t)). Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons" when "promulgating general policy statements" relating to Section 3582(c)(1)(A). 28 U.S.C. § 994(t). Guideline section 1B1.13, which is the relevant policy statement, sets forth four "extraordinary and compelling reasons" that may warrant a sentence reduction. U.S.S.G. § 1B1.13.

When the Court initially denied Roberts' motion, construed the language in Section 1B1.13 to preclude relief if it found the defendant was a danger to the community. In *Aruda,* the Ninth Circuit held that Section 1B1.13 is not an "applicable" policy statement for motions for compassionate release that are filed by defendants. 993 F.3d at 802. Thus, although the statements in Section 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions

filed by a defendant, … they are not binding." *Id.* The Court has reconsidered Roberts' motion in light of *Aruda*. The Court's concerns about Roberts' danger to the community factor into the Court's analysis, but they are not dispositive of the outcome.

This Court has concluded it "could – and would - apply Subdivision D of the Policy Statement to determine 'whether any extraordinary and compelling reasons other than those delineated in' the other subdivisions" would warrant a sentence reduction. *United States v. Chan,* 96-cr-94-13, 2020 WL 1527895, at *5 (N.D. Cal. Mar. 31, 2020) (quoting *Rodriguez*, 424 F. Supp. 3d at 682). In *Chan*, the Court concluded that the amendments to Section 924(c)'s stacking provisions combined with the defendant's record of rehabilitation would justify a reduction in his sentence. *Id.*, 2020 WL 1527895, at *6.

In reaching that conclusion, the Court noted that Congress had not made the amendment to the stacking provisions retroactive. However, it concurred with reasoning set forth in *United States v. Maumau* that "[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020); *Chan*, 2020 WL 1527895, at *6. The Fourth Circuit reached a similar conclusion in *United States v. McCoy*, 981 F.3d 271, 284-88 (4th Cir. 2020) (finding reasoning in *Maumau*, among other cases, persuasive and finding it is permissible to treat as "'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act"); *but see United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) (concluding non-retroactive amendments to sentencing laws, including Section 924(c)'s stacking provisions, do not constitute "extraordinary and compelling" reasons to reduce a sentence).

Roberts has served approximately 17 years of his 67 year sentence. If the Court applied the current version of Section 924(c), the total term would be 49 years. The Court ordered the terms on each count to be served consecutively. At this time, it does not intend to revisit that decision. The Court also was aware of Section 924(c)'s stacking provisions when it sentenced

Roberts and still concluded a significant upward variance on the substantive counts was warranted. (*See* Order at 6:6-9 & n.3.) The Court also will not repeat its analysis of why it viewed Roberts as a danger and it still factors that danger into its decision. (*Id.* at 6:14-19.) However, because Roberts still will serve a substantial sentence, the Court concludes that factor does not preclude relief. *Aruda,* 993 F.2d at 802. Accordingly, the Court turns to the remaining Section 3553(a) factors.

The Court begins with the nature and circumstances of the offense, the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1)(2)(A). These factors do warrant a sentence that consists of a substantial term of incarceration, albeit less than the term of imprisonment the Court was required to impose because of Section 924(c)'s mandatory stacking provisions. Roberts most recent letter to the Court demonstrates growth and awareness of the impact of his actions on others. (Dkt. No. 233-1.) In terms of Robert's history and his characteristics, the letters he submits shows his family and friends are supportive, which weighs in his favor. The Court also considers the need to provide Roberts with educational or vocational training, or other correctional treatment in the most effective manner. Those factors do not appear to weigh heavily for or against a reduction in sentence. Section 3553(a) also takes into consideration the need to provide a defendant with medical care. Roberts has been diagnosed with hypertension, which may pose some risk in relations to the on-going health crisis posed by COVID-19. However, the Court concludes he has not demonstrated that the impact of COVID-19 on his own health is serious enough to warrant a reduction. The Court does conclude that his post-conviction rehabilitation efforts and the sentencing disparities that arise because of the amendments to Section 924(c)'s stacking provisions warrant some relief. The fact that Roberts will not be immediately released alleviates the Court's concerns regarding community safety and its views that Roberts' conduct warranted a significant term of incarceration.

Having considered the Section 3553(a) factors, the Court concludes that reducing Roberts' sentence to total term of imprisonment of 49 years would be "sufficient, but not greater than

5

necessary[.]" Accordingly, the Court GRANTS the motion and reduces the term imposed on Count IV to 84 months, to be served consecutively to all other counts. All other terms of the judgment imposed on September 14, 2006, including the requirements of restitution and supervised release, shall remain unchanged.

**IT IS SO ORDERED.**

Dated: May 27, 2022

_____
JEFFREY S. WHITE
United States District Judge