1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7     UNITED STATES OF AMERICA,              Case No. 05-cr-00567-JSW-1

              Plaintiff,
8                                            **ORDER DENYING MOTION TO
9          v.                                REDUCE SENTENCE**

                                             Re: Dkt. No. 240
10    SHAUN D. ROBERTS,

              Defendant.
11

12

13          This matter comes before the Court on a second motion to reduce Defendant's sentence,

14    filed pursuant to 18 U.S.C. section 3582(c) ("Section 3582(c)").  For the reasons that follow, the

15    Court concludes a response from the Government is not necessary.

16          The Court has recounted facts relevant to Defendant's convictions and sentences in several

17    prior orders and will not repeat them here.  Defendant was convicted of two counts of armed bank

18    robbery (Counts 1 and 3) and two counts of violations of 18 U.S.C. section 924(c) (Counts 2 and 4

19    or the "Section 924(c) convictions").  The Court sentenced Defendant to 20 years on Count 1 and

20    15 years on Count 3, and seven years on Count 2 and twenty-five years on Count 4, all terms to

21    run consecutively to one another.  (Dkt. No. 96, Judgment.)

22          On May 27, 2022, the Court granted, in part, Defendant's first Section 3582(c) motion and

23    reduced the sentence on Count 4 to seven years, to run consecutively to all other counts.  (Dkt. No.

24    236.)  On August 25, 2022, Defendant, acting *pro se*, filed his second Section 3582(c) motion.

25    (Dkt. No. 240.)  In that motion, he argues that, based on amendments to Section 924(c)'s stacking

26    provisions, the Court could not order the sentences to run consecutively.  He also asks the Court to

27    reduce his sentence by running the terms on Counts 1 and 3 concurrently to one another, an

28    argument he did not raise in his previous motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

Under Section 3582(c), a defendant must exhaust administrative requirements before a court may consider a motion to reduce.  Defendant does not state that he has exhausted those requirements, and the Court denies the motion on that basis.  *See, e.g., United States v. Johnson*, No. 16-cr-430-CRB, 2021 WL 40281, at *1 (N.D. Cal. Jan. 5, 2021) (denying subsequent motion to reduce for failure to exhaust); *United States v. Iwai*, No. 15-cr-00723-DKW, 2020 WL 6470167, at *2-3 (D. Haw. Nov. 3, 2020) (same).

Even if Defendant had exhausted his administrative remedies, the Court would still deny the motion.  Defendant has not shown any extraordinary and compelling reasons that would warrant a further reduction.  For reasons it has articulated in its previous Orders, the Court concludes a consecutive sentence on Counts 1 and 3 was appropriate, and it finds no merit to Defendant's argument that the Court must impose a concurrent sentence on the Section 924(c) convictions.

Accordingly, the Court DENIES the motion.

**IT IS SO ORDERED**.

Dated: September 6, 2022

JEFFREY S. WHITE
United States District Judge