UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

SHAUN ROBERTS,
Defendant.

Case No. 05-cr-00567-JSW-1

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Re: Dkt. No. 259

The Court has received a letter from Defendant seeking a reduction in his sentence. At this stage, the only statutory basis to reduce Defendant's sentence would be 18 U.S.C. 3582(c), which would require the Court to find extraordinary and compelling reasons to reduce his sentence. The Court concludes a response from the Government is not required and DENIES the motion.

First, Defendant has not shown he exhausted administrative remedies. Second, the authority on which he relies does not provide a basis for relief. Defendant cites United States Sentencing Guidelines Amendments 660 and 829. Amendment 660 made changes to U.S.S.G. section 5G1.3, which pertains to undischarged terms of imprisonment. However, it became effective as of November 1, 2003, well before Defendant was charged and sentenced.

Amendment 829, which became on November 1, 2024, allowed a court to depart from the guidelines based on a defendant's age U.S.S.G. Am. 829. This amendment is not included on a list of covered amendments that would provide for a reduction in a defendant's sentence. *See, e.g., United States v. Lewis*, 2:19-cr-00149-JAK-4, 2025 WL 3300417, at *6 (C.D Cal. Nov. 20, 2025) (denying motion to reduce where defendant relied on Amendment 829 as a basis for reduction) (citing U.S.S.G. § 1B1.10). It also was abrogated in 2025. *See United States v. Rojas*, No. 20-cr-05254-BHS, 2026 WL 2149582, at *3 (W.D. Wash. July 27, 2026).

United States District Court
Northern District of California

Accordingly, the Court concludes that Defendant has not met his burden to show a reduction in his sentence is warranted and DENIES the motion.

**IT IS SO ORDERED**.

Dated: August 5, 2026

JEFFREY S. WHITE
United States District Judge